UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY J. ESTES,

    Plaintiff,

vs.

IRON WORKERS DISTRICT COUNCIL
OF SO. OHIO & VICINITY,

    Defendant.

Case No. 1:16-cv-251

Judge Dlott
Magistrate Judge Bowman

**REPORT AND RECOMMENDATION**

Plaintiff brought suit for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and "relevant state law." Jurisdiction is based on federal question. This matter is before the Court on Defendants' Federal Rules of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction. Also before the Court is Plaintiff's motion to amend his complaint and Plaintiff's motion for judgment. (Docs. 6,7). For the reasons that follow, the undersigned finds that this matter should be dismiss for failure to state a claim upon which relief may be granted.

**I. Background and Facts**

Plaintiff's complaint purports to bring claims against the Iron Workers District Council of Southern Ohio and Vicinity Pension Trust Fund, Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust Fund, and Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust Fund (collectively the "Fund"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA"), and "relevant state law." (Doc. 1 at 4).

The Fund was created pursuant to written Agreements and Declarations of Trust between various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO and various employers having collective bargaining agreements with these labor organizations. The Fund was created for the purpose of providing certain benefits for eligible participants and their beneficiaries. In general, the Fund's participants are union iron workers who are members of one of the Fund's participating labor organizations.

Plaintiff contends that he is a former foreman and ironworker and was employed by Iron Workers Local Union 372 until an injury prevented him from returning to work on November 6, 2006. (Doc. 1 at 3, 5). Plaintiff alleges that the Funds violated FLSA by failing to pay disability payments for 29 months. Under the additional facts section of the Complaint, Mr. Estes states:

> Even tho [sic] it was proved that i [sic] was/am dissabled [sic] they still refuse to pay the gap of 29 month's [sic]. I at no time have been able to work as an ironworker or any other craft since Nov. 6th 2006. They stopped my pension Oct. 2009 and did not restart til [sic] March 2009. See Attachment 1.

(Doc. 1).[1][2]

The Fund now moves to dismiss this action for failure to state a claim for relief and/or for lack of jurisdiction. The Fund's motion to dismiss is well-taken.

---

[1] Mr. Estes was injured on the job on November 6, 2006 and has been unable to return to his former employment as an ironworker. (Doc. 1 at 5). As a result, Plaintiff filed an application for Social Security Disability benefits. Plaintiff's application was denied on July 19, 2010. (Doc. 7-1 at 1). Plaintiff then sought judicial review of the denial of benefits in this Court. (Case Number 1:11-cv-496). Plaintiff's claim was subsequently reversed and remanded after the decision was found to not be supported by substantial evidence. (Doc. 7-2 at 40). On remand, it was determined that Mr. Estes was disabled since June 1, 2007 under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act (Doc. 7-3 at 11). According to Plaintiff, the Fund then resumed paying Mr. Estes disability payments on February 1, 2014. (Doc. 7 at 1).

[2] Plaintiff alleges elsewhere on page 5 of his complaint that his pension was stopped in October 2009 and continues through "current." (Doc. 1).

2

## II. Analysis

### A.  Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. See *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

**B. Plaintiff's complaint and/or amended complaint[3] fails to state a claim for relief**

The Fair Labor Standards Act (FLSA) was put in place in order to provide necessary standards of minimum wage and maximum hours for employees. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). "The legislative debates indicate that the prime purpose of the legislation was to aid the unprotected, unorganized and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 n. 18 (1945). "To accomplish this purpose[,] standards of minimum wages and maximum hours were provided." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). As such, Defendants maintain that there cannot be an actionable claim under the FLSA in the absence of an employer/employee relationship. The undersigned agrees. *See* 29 U.S.C. § 216(b).

Here, the complaint alleges Mr. Estes' place of employment was IW Local 372. Only "employers" are subject to suits for FLSA violations. 29 U.S.C. § 216(b). The Complaint does not allege that the Fund employed Mr. Estes. Furthermore, FLSA claims must be based on improperly paid "wages," as defined within the FLSA; the

---

[3] Plaintiff filed a motion to amend suit after Defendant's filed the instant motion to dismiss. (Doc. 7). However, under Federal Rule of Civil Procedure 15(a), a party may amend his pleadings once as a matter of course if filed within 21 days of the filing of a Rule 12(b) motion. Accordingly, Mr. Estes did not need to file a "motion" to amend his complaint. As such, the Fund interpreted the motion to amend as Plaintiff's first amended complaint. The Fund maintains that Mr. Estes' amended complaint fails to cure the significant defects that the Fund identified in his original complaint, notably the amended complaint fails to allege that Plaintiff was employed by the fund, nor does that Plaintiff allege that he is seeking unpaid wages or overtime pay. As more fully explained herein, such allegations are required in order to state a claim under the FLSA. Accordingly, the amended complaint should be dismissed in its entirety. Notably, to the extent that Plaintiff is seeking to recover disability payments from his pension plan, Plaintiff may file another action pursuant to the Employee Retirement Income Security Act ("ERISA"). *See* 29 U.S.C. § 1132.

FLSA does not apply to a claim for pension benefit payments from a pension fund. 29 U.S.C. §§ 203(m), 216(b); *see also Copeland v. ABB, Inc.,* No. 04-4275 CV C NKL, 2006 WL 290596, at *7 (W.D. Mo. Feb. 7, 2006), aff'd, 521 F.3d 1010 (8th Cir. 2008) (finding the FLSA's scope limited to unpaid wages, not other unpaid benefits).

Here, Plaintiff's complaint asserts that he was employed by Iron Workers Local Union 372 and fails to assert that he has been employed by the Fund at any time. (Doc. 1 at 3). Furthermore, Mr. Estes is not seeking unpaid wages or overtime pay, he is seeking disability benefits. (Doc. 1 at 5). Even applying the relaxed standards of a pro se plaintiff to Mr. Estes, the Complaint does not state an actionable claim. Mr. Estes failed to allege that he had an employee/employer relationship with the Fund and failed to allege that he was owed wages by the Fund. This failure to meet the minimum requirements of a claim brought under the FLSA should result in a 12(b)(6) dismissal.

To the extent that Plaintiff's complaint asserts claims under state law, such claims are also properly dismissed. This Court would have original jurisdiction only to the extent that Plaintiff alleges causes of action under the laws and Constitution of the United States. No diversity jurisdiction exists over any state law claims as provided in 28 U.S.C. § 1332 because complete diversity is lacking between the parties. Because Plaintiff's federal law claims should be dismissed, the Court no longer has original jurisdiction and should decline to exercise supplemental jurisdiction over the pendent state law claims, if any. *See* 28 U.S.C. § 1367(c)(3). Accordingly, any state law claims also should be dismissed without prejudice.

### III. Conclusion

For these reasons, **IT IS THEREFORE RECOMMENDED THAT** Defendant's motion to dismiss (Doc. 4) is **GRANTED**, Plaintiff's motions to amend suit and for judgment (Docs. 6, 7) are **DENIED.**

            *s/ Stephanie K. Bowman*
            Stephanie K. Bowman
            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY J. ESTES,

    Plaintiff,

vs.

IRON WORKERS DISTRICT COUNCIL
OF SO. OHIO & VICINITY,

    Defendant.

Case No. 1:16-cv-251

Judge Dlott
Magistrate Judge Bowman

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).